# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE NATURAL PERSON MOORISH AMERICAN NATIONAL ANTONE "QAWI" BATES-BEY (EX REL. ANTONE DWON BATES),<br><br>        Plaintiff,<br><br>-vs-<br><br>THE STATE OF OKLAHOMA, THE OKLAHOMA REGISTRAR OF VITAL STATISTICS, and THE STATE CAPITOL OF OKLAHOMA,<br><br>        Defendants. | Case No. CIV-19-985-F |

## ORDER

Plaintiff, Antone "Qawi" Bates-Bey, appearing *pro se* and claiming to be a Moorish American National, has filed a "Tort Action Claim for Denationalization," construed as a complaint, wherein he seeks damages allegedly caused by the State of Oklahoma labeling him as a "Black Negro" in a birth certificate. Plaintiff names as defendants, the State of Oklahoma, the Oklahoma Registrar of Vital Statistics and the State Capitol of Oklahoma. In his complaint, plaintiff specifically demands $175,000 in compensation for "Denationalization," "Emotional Pain & Psychological Trauma," and "Defamation of Character." Doc. no. 1, p. 10.

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity,

> commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Although the clear language does not so provide, the Eleventh Amendment has been interpreted to bar a suit by a citizen against the citizen's own state in federal court. Hans v. State of Louisiana, 134 U.S. 1, 10 (1890). Eleventh Amendment immunity also extends to actions against agencies, departments and instrumentalities of state government. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). It applies regardless of the nature of the relief sought. *Id*. Further, the Eleventh Amendment bars a suit asserting a damage claim against state officers in their official capacities. Colby v. Herrick, 849 F.3d 1273, 1278 (10th Cir. 2017). While a state may waive Eleventh Amendment immunity, such waiver must be an express and unequivocal. V-1 Oil Co. v. Utah State Dept. of Public Safety, 131 F.3d 1415, 1421 (10th Cir. 1997). Congress may also abrogate Eleventh Amendment immunity if it makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power under section 5 of the Fourteenth Amendment. Nevada Dept. of Human Resources v. Hibbs, 538 U.S. 721, 726 (2003). A federal court may raise the Eleventh Amendment immunity *sua sponte*. U.S. ex. rel. Burlbaw v. Orenduff, 548 F.3d 931, 942 (10th Cir. 2008); Nelson v. Geringer, 295 F.3d 1082, 1098 n. 16 (10th Cir. 2002).

Here, the State of Oklahoma has not expressly and unequivocally waived Eleventh Amendment immunity for plaintiff's claims. And Congress has not abrogated the State of Oklahoma's Eleventh Amendment immunity. Because Eleventh Amendment immunity applies to plaintiff's complaint and action, the court concludes that plaintiff's complaint and action against defendants, the State of

Oklahoma, the Oklahoma Registrar of Vital Statistics and the State Capitol of Oklahoma, must be dismissed without prejudice. Colby, 849 F.3d at 1278.[1]

Accordingly, the complaint and action filed by plaintiff, Antone "Qawi" Bates-Bey, is **DISMISSED WITHOUT PREJUDICE**. Judgment shall issue forthwith.

IT IS SO ORDERED this 30th day of October, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0985p001.docx

---

[1] On January 29, 2019, the court dismissed without prejudice a *pro se* class action complaint filed by Mr. Bates-Bey against defendants, the State of Oklahoma, i.e. State Capitol, Oklahoma Registrar of Vital Statistics, and Oklahoma Legislature, seeking damages for the issuance of birth certificates identifying the Moorish American Nationals as "Negro, BLACK, African-American and/or Colored Folks in code and/or in name." *See*, CIV-19-74-F, order and judgment (doc. nos. 8 and 9).