# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE NATURAL PERSON MOORISH AMERICAN NATIONAL ANTONE "QAWI" BATES-BEY (EX REL. ANTONE DWON BATES),<br><br>        Plaintiff,<br><br>-vs-<br><br>THE STATE OF OKLAHOMA, THE OKLAHOMA REGISTRAR OF VITAL STATISTICS, and THE STATE CAPITOL OF OKLAHOMA,<br><br>        Defendants. | Case No. CIV-19-985-F |

## **ORDER**

On November 5, 2019, the court entered an order denying plaintiff's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees. Doc. no. 12. In so doing, the court, following DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), found that plaintiff's motion should be denied because he had not demonstrated the existence of a reasoned, nonfrivolous argument in support of his appeal.

The court is currently in receipt of plaintiff's "Affidavit of Fact Writ of Error," "Affidavit of Financial Statement (Exercise of Constitution – Secured Right)," and "Affidavit of Fact Writ of Discovery." Doc. nos. 13, 14, and 15. Upon review, it appears that plaintiff seeks reconsideration of the court's ruling and the affidavits are construed as a motion to reconsider the court's November 5, 2019 order denying

plaintiff's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees. The court, however, finds that reconsideration of its order is not warranted. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). In the court's view, none of these grounds are present. Consequently, the court finds that plaintiff's motion to reconsider should be denied. To the extent plaintiff is seeking any other relief with his affidavits, the court concludes that plaintiff has failed to demonstrate justification for any such relief and the relief will be denied.

Although the court has denied plaintiff's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees and has denied reconsideration of that ruling, the court advises plaintiff that he is not without recourse. Rule 24(a)(5) of the Federal Rules of Appellate Procedure provides that "[a] party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice" of the district court's denial of plaintiff's motion. "The motion must include a copy of the affidavit filed in the district court [which accompanied plaintiff's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees] and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1)[, Fed. R. App. P]." Rule 24(a)(5), Fed. R. App. P. Thus, plaintiff, complying with the procedures set forth in Rule 24(a)(5), may file a new motion with the Tenth Circuit Court of Appeals within the specified 30-day period seeking leave to proceed on appeal without prepayment of fees or costs.

Accordingly, plaintiff's "Affidavit of Fact Writ of Error," "Affidavit of Financial Statement (Exercise of Constitution – Secured Right)," and "Affidavit of Fact Writ of Discovery," all filed November 13, 2019 and all construed as a motion

to reconsider the court's November 5, 2019 order denying plaintiff's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees (doc. nos. 13, 14, and 15), is **DENIED**. To the extent plaintiff is seeking any other relief with his affidavits, the relief is also **DENIED**.

IT IS SO ORDERED this 15th day of November, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0985p003.docx